UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Thomas Finn, | Case No.: 2:14-cv-1835-JAD-GWF |
| Plaintiff, | |
| v. | **Order Granting in Part Defendants' Motion for a More Definite Statement [Doc. 10], Denying as Moot Plaintiff's Countermotion for Leave to Amend [Doc. 12], and Permitting Plaintiff Leave to File Amended Complaint** |
| City of Boulder City, et al., | |
| Defendants. | |

Thomas Finn alleges he was a good cop caught up in a toxic political environment. Appointed Boulder City's Chief of Police in 2006, Finn alleges he served in that role until his employment was terminated in 2013.[1] Finn sues Boulder City and its mayor, city attorney, and council members in a 30-page complaint, but his more than a dozen claims appear to be directed only at the City and City Attorney Dave Olsen.

The defendants contend that the complaint is rife with "irrelevant and unnecessary averments" and structured in a manner so confusing that they cannot fairly respond to it. They seek a more definite statement under Federal Rule of Civil Procedure 12(e) and ask that the complaint also be dismissed for failure to state a viable claim.[2] Because I agree that Finn's complaint is confusing and fails to fairly inform the defendants of the claims against them, I grant defendants' motion for a more definite statement, direct Finn to file an amended complaint that cures the defects identified in this order, and deny the remainder of the defendants' motion to dismiss without prejudice.

---

[1] Doc. 1.

[2] Doc. 10.

1

## Discussion

### A. Federal Pleading Standards

Federal Rule of Civil Procedure 8(a) supplies the standard for pleadings in a federal cause of action. It provides, "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."[3] "The theory of Rule 8(a), and of the federal rules in general, is notice pleading."[4] A complaint that fails to comply with Rule 8(a) may be dismissed under Rule 41(b).[5]

Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." A motion for a more definite statement "must point out the defects complained of and the details desired."[6] Intelligibility is the touchstone: "Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."[7] When a court orders a more definite statement, if "the order is not obeyed . . . within the time the court sets, the court may strike the pleading or issue any other appropriate order."[8]

### B. Finn's Claims Are Too Vague for Fair Response.

Finn's complaint is too confusing to permit any defendant to fairly formulate a response. Although Finn contends that he has pled seven causes of action, even this most basic premise is not subject to agreement because Finn fails to number his causes of action with any semblance of logic.

---

[3] Fed. R. Civ. Proc. 8(a).

[4] *Starr v. Baca*, 652 F.3d 1202, 1212 (9th Cir. 2011).

[5] *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981).

[6] Fed. R. Civ. Proc. 12(e).

[7] *McHenry v. Renee*, 84 F.3d 1172, 1180 (9th Cir. 1996).

[8] Fed. R. Civ. Proc. 12(e).

1  He refers first to a "First Cause of Action Title VII of the Civil Rights Act of 1964 Title I of the
2  Civil Rights Act of 1991," then to "First Claim for Relief EEOC Action," then "Second Claim for
3  Relief EEOC," "Second Cause of Action (Malicious Retaliation by David Olsen), and then "Third
4  Claim for Relief on Olsen's Malicious Retaliation."[9]  Without more, I might conclude that Finn
5  seeks to set out a "cause of action" for which he seeks a "claim for relief."  But he later confounds
6  this reasoning when he refers to sixth and seventh "causes of action" without a concurrent "claim for
7  relief."[10]  Nor can I ascertain a clear and meaningful distinction between Finn's "causes of action"
8  and "claims for relief," as both species of subheading are littered with factual allegations and legal
9  conclusions.

10      Several of Finn's "counts" are lumped together for no logical reason.  The first example of
11 this is in his "First Cause of Action Title VII of the Civil Rights Act of 1964 Title I of the Civil
12 Rights Act of 1991," in which Finn appears to combine religious discrimination claims under 42
13 U.S.C. § 2000e *et seq.* with age discrimination claims under 29 U.S.C. § 621 *et seq.*[11]  Similarly, his
14 "Third Cause of Action Tortious Discharge Public Policy Tort" appears to fuse two Nevada common
15 law claims.[12]  Each of these compound "counts" violates Federal Rule of Civil Procedure 10(b),
16 which requires a party to "state its claims . . . in numbered paragraphs, each limited as far as
17 practicable to a single set of circumstances."  It would have been much clearer had Finn organized
18 his complaint to allege a separate legal cause of action against each of the defendants.  His failure to
19 do so creates undue confusion.

20      Finally and perhaps most importantly, Finn does not specify which defendants he seeks to
21 hold liable under each of his "counts."  He does state that David Olsen is the intended target of his
22 "Second Cause of Action (Malicious Retaliation by David Olsen)" and his "Third Claim for Relief

---

[9] Doc. 1 at 22-24.

[10] *Id.* at 28-29.

[11] *Id.* at 22-23.

[12] *Id.* at 24.  I pass no judgment on whether either of Finn's purported causes of action are actually cognizable.

on Olsen's Malicious Retaliation."[13] He also makes clear that his "Third Cause of Action Tortious Discharge Public Policy Tort," "Fifth Cause of Action Violation of FMLA" and "Six Claim for Relief Violation of Rights Under FMLA" are pled against the City.[14] But his other causes of action are brought against "defendants" (a term left undefined in the complaint) or a cryptic subsection of defendants, such as "Defendants, City of Boulder City."[15] In some instances, such as the "Fifth Claim for Relief Breach of Implied Contract," he names no defendant at all.[16] Indeed, it is not even clear that any claim has actually been asserted against defendants Tobler, Walker, Woodbury, Leavitt, or McCoy. A plaintiff has an obligation to sufficiently identify who the target of each claim is so that the target defendant knows he or she must respond to that claim. Finn's complaint fails to satisfy even this most basic requirement.

Accordingly, I grant the defendants' motion (Doc. 10) to the extent that they seek a more definite statement under FRCP 12(e), and I direct Finn to **file an amended complaint that cures these defects by May 26, 2015.** Because an amended complaint is anticipated, I deny without prejudice the remainder of the defendants' motion to dismiss. And because I am directing Finn to file an amended complaint based on the FRCP 12(e) argument, and because Finn's proposed amended complaint[17] does not cure the defects identified above, Finn's countermotion to amend[18] is denied.

C.  **The Amended Complaint**

Finn is cautioned that he must keep in mind when amending his complaint that Rule 8 requires him to state the legal and factual bases for each of his claims. Each claim should be set out in a separate cause of action that contains all facts supporting its essential elements and states the

---

[13] *Id.* at 24.

[14] *Id.* at 24-28.

[15] *Id.* at 22.

[16] *Id.* at 26.

[17] Doc. 12-1.

[18] Doc. 12

specific relief requested. And for each separately identified claim for relief, Finn must clearly identify which defendant is the target of each claim. For example: "Count One—Title VII Religious Discrimination Violations by City and Olsen." Additionally, Finn is cautioned that any factual allegations he raises and exhibits he attaches must be clearly relevant to the causes of action he alleges. Exhibits also should not be attached unless they are expressly referenced in the amended complaint. Finn should avoid attaching needlessly voluminous documents; only relevant portions of exhibits should be attached.

Additionally, Finn's amended complaint must be "complete in itself without reference to the" previous version of the complaint.[19] Finn must carry into the new proposed complaint any information he wants to continue pleading. I cannot refer to a prior pleading for information because an amended complaint supersedes all prior versions; it is as if the prior versions never existed.

## Conclusion

Accordingly, it is HEREBY ORDERED that defendants' Motion to Dismiss and for a More Definite Statement **[Doc. 10] is GRANTED** in part. Finn is directed to file an amended complaint that cures the defects identified in this order and complies with all rules of this court by May 26, 2015. Finn is cautioned that, if he fails to file a proper amended complaint by this deadline, his claims may be dismissed with prejudice.

It is FURTHER ORDERED that plaintiff's Countermotion for Leave to Amend **[Doc. 12] is DENIED**.

DATED: May 6, 2015.

_____
Jennifer A. Dorsey
United States District Judge

---

[19] See Nev. LR 15-1(a).