# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS W. FINN, | ) |
| Plaintiff, | ) Case No. 2:14-cv-01835-JAD-GWF |
| vs. | ) **ORDER** |
| CITY OF BOULDER CITY, *et al.*, | ) |
| Defendants. | ) |

This matter is before the Court on Plaintiff's Motion to Compel Responses to Discovery Requests (ECF No. 52), filed on June 15, 2016. Defendants filed a Response (ECF No. 60) on July 1, 2016 and Plaintiff filed a Reply (ECF No. 62) on July 11, 2016. The Court conducted a hearing in this matter on July 28, 2016 and has reviewed the minutes submitted to the Court for *in camera* review.

## BACKGROUND

Plaintiff's complaint alleges violations of Title VII of the Civil Rights Act of 1964, Title I of the Civil Rights Act of 1961, FMLA, the Peace Officers Bill of Rights, NRS Chapter 289, and asserts claims of malicious retaliation, tortious discharge, and breach of implied contract. *See Complaint* (ECF. No. 1). Plaintiff asserts that he was fired from his position as City of Boulder City Police ("COBC") Chief due, *inter alia,* to his refusal to comply with requests to break rules and provide preferential treatment to certain COBC Council members. *Id.* Moreover, Plaintiff asserts that he was retaliated against for filing a lawsuit against certain COBC Councilmen. *Id.* at ¶¶ 48–53.

Plaintiff asserts that during the course of discovery, he learned that evidence supporting his

retaliation claim can be found in the minutes and recording from a special closed meeting discussion held by the COBC Council on November 27, 2012. *Motion to Compel* (ECF No. 52), pg. 2–3. This information was discovered through the deposition testimony of former City Manager for the COBC, Vicki Mayes. *Id.* Specifically, upon questioning by Defendants' counsel, Ms. Mayes testified that additional evidence to support her conclusion that Plaintiff was terminated at the behest of the COBC Council members would be found in the minutes of the November 27, 2012 closed meeting. *See Transcript* (ECF No. 52-2), pg. 3. Based on this testimony, Plaintiff now seeks to compel Defendants to produce the minutes and recording from this closed meeting. However, Defendants assert that these minutes are protected by the attorney-client privilege and should remain confidential. Defendants further represent that no recording of the meeting presently exists.

## DISCUSSION

The attorney-client privilege protects confidential disclosures made by a client to an attorney to obtain legal advice and an attorney's advice in response to such disclosures. *United States v. Chen*, 99 F.3d 1495, 1501 (9th Cir.1996) (quotation omitted), *cert. denied*, 520 U.S. 1167 (1997). "The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law." *Upjohn Co., v. United States*, 449 U.S. 383, 389 (1981). The purpose of the attorney-client privilege "is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice. The privilege recognizes that sound legal advice or advocacy depends upon the lawyer's being fully informed by the client." *Id.* "An eight part test determines whether information is covered by the attorney-client privilege:

> (1) Where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) unless the protection be waived.

*United States v. Graf*, 610 F.3d 1148, 1156 (9th Cir. 2010). The party asserting the privilege has the burden of proving each essential element of the privilege. *Id.* Moreover, a party claiming the attorney-client privilege "must identify specific communications and the grounds supporting the

privilege as to each piece of evidence over which privilege is asserted." *United States v. Martin*, 278 F.3d 988, 1000 (9th Cir. 2002). Blanket assertions of attorney-client privilege are "extremely disfavored." *Id.*

Here, Defendants argue that the minutes from the November 12, 2012 closed meeting are protected by the attorney-client privilege because the "closed session consisted strictly of COBC employees. . ." and because "[t]he session was closed expressly pursuant to the exemption for attorney-client communications" found in NRS § 241.015(3)(b)(2).[1] *Opposition* (ECF No. 60), pg. 4, lns. 18–21. *Id.* Defendants further assert that because the November 27, 2012 closed meeting was held for the purpose of discussing Plaintiff's threat of litigation against COBC and his corresponding settlement demand with COBC City Attorney, the minutes reflect information protected by the attorney-client privilege.[2] The Court agrees. Upon review of the minutes submitted for *in camera* review, the Court finds that the purpose of the closed meeting and the discussion had therein was made pursuant to NRS § 241.015(3)(b)(2) and should be protected by the attorney-client privilege.

Despite the existence of attorney-client privilege, Plaintiff asserts that the minutes from the November 27, 2012 closed meeting should nevertheless be disclosed because of the doctrines of implied waiver and anticipatory waiver. *Motion to Compel* (ECF No. 52), pg. 6. Defendants on the other hand assert that there was never a waiver of the attorney-client privilege. *Opposition*

---

[1] NRS § 241.015 provides in pertinent part:

> 3. "Meeting":
>
> . . .
>
> (b) Does not include a gathering or series of gatherings of members of a public body, as described in paragraph (a), at which a quorum is actually or collectively present, . . .
>
> (2) To receive information from the attorney employed or retained by the public body regarding potential or existing litigation involving a matter over which the public body has supervision, control, jurisdiction or advisory power and to deliberate toward a decision on the matter, or both.

[2] Plaintiff argues that the minutes and audio recording should be made public pursuant to NRS § 241.030. *See Motion to Compel* (ECF No. 52), pg. 11. This section is not applicable here because the November 27, 2012 meeting was closed pursuant to NRS § 241.015.

3

(ECF No. 5–7.

As a general rule, the attorney-client privilege is waived if the communication is voluntarily disclosed to a third party. *Harter v. CPS Security (USA), Inc.*, 2013 WL 3108947, *6 (D. Nev. June 18, 2013), citing *United States v. Zolin*, 809 F.2d 1411, 1415 (9th Cir. 1987), *rev'd on other grounds by* 491 U.S. 554 (1989). *See also Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 578 (N.D. Cal. 2007); *Avocent Redmond Corp. v. Rose Electronics, Inc.*, 516 F.Supp.2d 1199 (W.D. Wash. 2007). An implied waiver of the attorney-client privilege occurs when "(1) the party asserts the privilege as a result of an affirmative act, such as filing suit; (2) through the affirmative act, the asserting party puts the privileged information at issue; and (3) allowing the privilege would deny the opposing party access to information vital to its defense." *Genentech, Inc. v. Insmed Inc.*, 236 F.R.D. 468 (N.D. Cal. 2006); citing *Home Indemnity Co. v. Lane Powell Moss and Miller*, 43 F.3d 1322, 1326 (9th Cir.1995). An "anticipatory waiver" occurs in cases where a privilege holder pleads a claim or defense in such a way that eventually he or she will be forced to draw upon the privileged communication at trial in order to prevail. *See U Haul Co. of Nevada v. Gregory J. Kamer, Ltd.*, 2013 WL 1249706, at *3 (D. Nev. Mar. 26, 2013) citing *Wardleigh v. Second Judicial Dist. Court*, 111 Nev. 345, 891 P.2d 1180, 1186 (Nev.1995).

Plaintiff argues that waiver has occurred in this case based on (1) comments made by Mayor Tobler to the press regarding the settlement discussions; and (2) Ms. Mayes deposition testimony regarding the November 27, 2012 closed meeting that was made in response to questions posed by Defendants' counsel. *Motion to Compel* (ECF No. 52), pg. 11. Both of these events, according to Plaintiff, demonstrate that the minutes from the November 27, 2012 closed meeting were placed at issue in this litigation and as a result any invocation of the attorney client privilege cannot stand. *Id.* In response, Defendants assert that neither event constituted a waiver of the attorney client privilege. First, Defendants assert that the comments made by Mayor Tobler did not reveal any confidential information and was actually information conveyed by Plaintiff and therefore able to be freely disclosed by Defendants. *Opposition* (ECF No. 52), pg. 5. Second, Defendants also argue that their counsel, Mr. Pitegoff, did not waive the privilege by eliciting certain testimony from Ms. Mayes. *Id.* Rather, he "asked an open-ended question with no

intention for Mrs. Mayes to divulge confidential, privileged information." *Id.* at pg. 6, lns. 13–14.

The Court is not persuaded that there was a waiver in this case. As pointed out by Defendants, Mr. Pitegoff asked Ms. Mayes an open-ended question during her deposition and her response — in the Court's view— did not constitute a waiver. Further questioning along the same lines could have potentially constituted a waiver. However, there is no indication that such questioning occurred here. Moreover, Mayor Tobler's comments to the press regarding the threatened litigation and settlement amount did not constitute a waiver. The November 27, 2012 meeting was not mentioned in the Boulder City Review article.

While the Court finds that the minutes from the November 27, 2012 closed meeting are subject to the attorney-client privilege and that there has not been a waiver, the Court is still concerned as to their authenticity. The minutes submitted to the Court for *in camera* review do not reflect who drafted them, when they were prepared, or contain any other indicia of authenticity. Therefore, Defendants are directed to provide the Court with an affidavit or affidavits describing when the minutes were prepared and by whom. If, upon review of the affidavit(s), the Court finds that the minutes reliably documented the discussions held at the November 27, 2012 closed meeting, then the Court will also conclude that the audio recording of the closed meeting—which Defendants represent no longer exists— was also protected by the attorney client privilege. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Responses to Discovery Requests (ECF No. 52) is **conditionally denied** subject to the Court confirming the authenticity of the minutes from the November 27, 2012 closed meeting.

**IT IS FURTHER ORDERED** that Defendants shall submit an affidavit or affidavits describing when the minutes from the November 27, 2012 closed meeting were prepared and by whom no later than **September 13, 2016**.

DATED this 30th day of August, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge