UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS W. FINN, | ) |
| Plaintiff, | ) Case No. 2:14-cv-01835-JAD-GWF |
| vs. | ) |
| CITY OF BOULDER CITY, *et al.*, | ) **ORDER** |
| Defendant. | ) |

This matter is before the Court on Plaintiff's Second Motion to Compel Production of Documents to City of Boulder City (ECF No. 75), filed on December 15, 2016. Defendants filed their Response (ECF No. 76) on December 28, 2016, and Plaintiff filed his Reply (ECF No. 77) on January 4, 2017. Plaintiff has requested oral argument. This matter can be decided without the need for oral argument and Plaintiff's request is therefore denied.

## BACKGROUND AND DISCUSSION

The Court previously denied Plaintiff's Motion to Compel (ECF No. 52) which sought production of the minutes and recording of a special closed session of the Boulder City Council. *See Order (ECF No. 66)* and *Order (ECF No. 68)*. Plaintiff again moves for an order compelling the Defendant to produce the November 27, 2012 meeting minutes. Although Plaintiff cites no legal authority for filing this second motion, it appears to be a motion for reconsideration of the previous orders based on newly discovered evidence.

A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient" so long as it has jurisdiction. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001). This plenary

1 power derives from the common law, and is not limited by the provisions of the Federal Rules of Civil

2 Procedure, so long as it is not exercised inconsistently with those rules. *See id.* at 886–87. This district

3 has adopted Local Rule (LR) 59-1 governing motions for reconsideration of interlocutory orders.

4 Subsection (a) of the rule states in part:

> The court possesses the inherent power to reconsider an interlocutory order for cause, so long as the court retains jurisdiction. Reconsideration also may be appropriate if (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.

Subsection (b) further states:

> Motions for reconsideration are disfavored. A movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts. A movant who repeats arguments will be subject to appropriate sanctions.

Rule 59-1(a) codifies standards that were previously adopted by decisions in this district. *See Evans v. Inmate Calling Solutions*, 2010 WL 1727841, *1-2 (D.Nev. Apr. 27, 2010); *Henry v. Rizzolo*, 2010 WL 3636278, *1 (D.Nev. Sept. 10, 2010); *Home Gambling Network v. Piche*, 2014 WL 5686859, *3 (D.Nev. Nov. 4, 2014); and *Doud v. Yellow Cab*, 2015 WL 5533381, *1 (D.Nev. Sept. 18, 2015).

Plaintiff's Second Motion to Compel (ECF No. 75) is predicated on the November 2, 2016 deposition of witness Stephen Stubbs, an attorney, who testified that he spoke with the Boulder City Attorney, Dave Olsen, shortly after the November 27, 2012 closed meeting, and that Mr. Olsen disclosed to him what was discussed during the meeting. Plaintiff Finn and Mr. Stubbs were previously involved in litigation against each other which was settled at some time prior to Mr. Stubbs' deposition. Mr. Stubbs' deposition testimony regarding an alleged conversation four years earlier is not credible evidence that Mr. Olsen disclosed confidential information to him, thereby waiving the City's attorney-client privilege. Absent reliable corroboration, this "new evidence" is not sufficient to grant reconsideration and reverse this Court's previous orders. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Second Motion to Compel Production of Documents to City of Boulder City (ECF No. 75) is **denied**. Plaintiff's counsel is cautioned not to file

. . .

. . .

motions that are not supported by a statement of supporting legal authority.  Failure to do so in the future may result in the imposition of sanctions.

DATED this 12th day of January, 2017.

                                             _____
GEORGE FOLEY, JR.
United States Magistrate Judge